Lionel C. CARSON, an infant, by his next friend, Martin A. Carson, et als., Appellants,

v.

BOARD OF EDUCATION OF McDOWELL COUNTY, a body corporate, Appellee.

No. 7096.

United States Court of Appeals Fourth Circuit.

Argued Nov. 16, 1955.

Decided Dec. 1, 1955.

Samuel S. Mitchell and Herman L. Taylor, Raleigh, N. C. (Taylor & Mitchell, Raleigh, N. C., on brief), for appellants.

Roy W. Davis, Marion, N. C. (Roy W. Davis, Jr., Marion, N. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing an action brought by certain Negro children to enjoin alleged discrimination against them in the administration of the schools of McDowell County, North Carolina. The complaint alleged that the plaintiffs were not allowed to attend schools maintained by defendants for white children in the town of Old Fort in McDowell County but were required to go to a school in Marion fifteen miles away and that this discrimination was made solely on account of race and color. The complaint was filed prior to the decision of the Supreme Court in the school segregation case, Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L. Ed. 873, and one of the prayers for relief was that defendants be required to provide for plaintiffs in the town of Old

Fort educational facilities equal to those provided for white children. There was a general prayer for injunctive relief against discrimination, however, as well as a prayer for a declaratory judgment establishing the rights of plaintiffs in the premises. The District Judge dismissed the action on the ground that the decision of the Supreme Court had made inappropriate the relief prayed for in the complaint.

While the decision of the Supreme Court unquestionably made inappropriate the relief asked as to the provision of a separate school for Negro children in the town of Old Fort, the same cannot be said as to the other relief asked in the complaint. Discrimination on account of race and color was alleged with respect to the right to attend schools in Old Fort and the removal of this discrimination as well as the declaration of the rights of plaintiffs was asked. The decision of the Supreme Court did not destroy or restrict these rights, except with respect to the right to separate schools, and plaintiffs were entitled to have their prayers for declaratory judgment as well as for general injunctive relief considered in the light of the Supreme Court decision. The decision appealed from must be vacated, therefore, and the case remanded to the District Court in order that this may be done.

In further consideration of the case, however, the District Judge should give consideration not merely to the decision of the Supreme Court but also to subsequent legislation of the State of North Carolina providing an administrative remedy for persons who feel aggrieved with respect to their enrollment in the public schools of the state. The Act of March 30, 1955, entitled "An Act to Provide for the Enrollment of Pupils in Public Schools", being chapter 366 of the Public Laws of North Carolina of the Session of 1955, provides for enrollment by the county and city boards of education of school children applying for admission to schools, and authorizes the boards to adopt rules and regulations with regard thereto. It further provides for application to and prompt hearing by the board in the case of any child whose admission to any public school within the county or city administrative unit has been denied, with right of appeal therefrom to the Superior Court of the county and thence to the Supreme Court of the state. An administrative remedy is thus provided by state law for persons who feel that they have not been assigned to the schools that they are entitled to attend; and it is well settled that the courts of the United States will not grant injunctive relief until administrative remedies have been exhausted. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 51, 58 S.Ct. 459, 82 L.Ed. 638; Natural Gas Pipeline Co. of America v. Slattery, 302 U.S. 300, 310, 311, 58 S.Ct. 199, 82 L.Ed. 276; Hegeman Farms Corp. v. Baldwin, 293 U.S. 163, 172, 55 S.Ct. 7, 79 L.Ed. 259; United States v. Illinois Central R. Co., 291 U.S. 457, 463, 54 S.Ct. 471, 78 L.Ed. 909; P. F. Petersen Baking Co. v. Bryan, 290 U.S. 570, 575, 54 S.Ct. 277, 78 L.Ed. 505; Porter v. Investors' Syndicate, 286 U.S. 461, 52 S. Ct. 617, 76 L.Ed. 1226; Matthews v. Rodgers, 284 U.S. 521, 525–526, 52 S.Ct. 217, 76 L.Ed. 447; Prentis v. Atlantic Coast Line R. Co., 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150.

This rule is especially applicable to a case such as this, where injunction is asked against state or county officers with respect to the control of schools maintained and supported by the state. The federal courts manifestly cannot operate the schools. All that they have the power to do in the premises is to enjoin violation of constitutional rights in the operation of schools by state authorities. Where the state law provides adequate administrative procedure for the protection of such rights, the federal courts manifestly should not interfere with the operation of the schools until such administrative procedure has been exhausted and the intervention of the federal courts is shown to be necessary. As said by Mr. Justice Stone in Matthews v. Rodgers, supra (284 U.S. 525): "The scrupulous regard for the rightful inde-

pendence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it." Interference by injunction with the schools of a state is as grave a matter as interfering with its fiscal operations and should not be resorted to "where the asserted federal right may be preserved without it."

The order appealed from will accordingly be vacated and the case remanded to the District Court with direction to consider it in the light of the decision of the Supreme Court in the school segregation case and of the North Carolina statute above mentioned and with power to stay proceedings therein pending the exhaustion of administrative remedies under the statute and to order a repleader if this may seem desirable.

Vacated and remanded with directions.