Mimia JEFFERS and Allene Jeffers, Minors, by John L. Jeffers, their Father and Next Friend, et al., Plaintiffs,

v.

Thomas H. WHITLEY, Superintendent of the Public Schools of Caswell County, et al., Defendants.

Civ. No. 1079–G.

United States District Court
M. D. North Carolina,
Greensboro Division.

Sept. 12, 1958.

952

C. O. Pearson and William A. Marsh, Jr., Durham, N. C., for plaintiffs.

Robert R. Blackwell, Yanceyville, N. C., and William T. Joyner, Raleigh, N. C., for defendants, Superintendent of Public Schools of Caswell County and Caswell County Board of Education.

Malcolm B. Seawell, Atty. Gen. of North Carolina, and Ralph Moody, Asst. Atty. Gen. of North Carolina, for State Board of Education and State Superintendent of Public Instruction.

STANLEY, District Judge.

This action was commenced on December 10, 1956, by twenty-three adult plaintiffs, individually and as parents and next friends of forty-three minor plaintiffs, on behalf of themselves and all other citizens and residents of Caswell County, North Carolina, similarly situated, against the Superintendent of Public Schools of Caswell County, the individual members of the School Board of Caswell County, the State Superintendent of Public Instruction, and the individual members of the State Board of Education.

It is alleged in the complaint that the minor plaintiffs are citizens and residents of Caswell County, North Carolina, and eligible to attend the public schools of said county; that the Superintendent of Public Schools and members of the School Board of Caswell County maintain and generally supervise the public schools of Caswell County; that said schools are being operated on a segregated basis, pursuant to the direction and authority of the State Constitution, State Statutes, and State administrative orders and legislative policy; that the defendants, State Superintendent of Public Instruction and State Board of Education, are charged with the general supervision and administration of the public schools of North Carolina; that on August 6, 1956, the plaintiffs petitioned the Board of Education of Caswell County to abolish segregation in the schools of Caswell County, which was refused; that on September 10, 1956, the plaintiffs appealed to the State Board of Education and the State Superintendent of Public Instruction to order the Caswell County Board of Education to desegregate the schools within its jurisdiction, which was refused; and that at its regular 1955 session and at a special session held in 1956, the General Assembly of North Carolina amended and rewrote the State Public School Laws, which amendments had as their singular and sole purpose and effect the continuation of racial segregation in the public schools of this state. The plaintiffs pray (1) that a three-judge court be convened, (2) that

a temporary injunction be entered restraining the defendants from enforcing certain provisions of the State Constitution and General Statutes whereby the plaintiffs are denied equal protection of the laws secured to them by the Fourteenth Amendment to the Constitution of the United States, and (3) that the court issue interlocutory and permanent injunctions ordering defendants to promptly present a plan of desegregation to the court which will expeditiously desegregate the schools of Caswell County.

Thereafter, on January 14, 1957, the members of the Caswell County Board of Education and the Superintendent of Schools of Caswell County filed an answer denying most of the material allegations of the complaint and asserting as an affirmative defense that the plaintiffs had not, prior to the institution of the suit, exhausted their administrative remedies before the Board of Education of Caswell County, in accordance with the procedures prescribed by North Carolina statutes dealing with assignment of pupils to public schools. The answer of said defendants further alleged that neither the State Board of Education nor the State Superintendent of Public Instruction has any authority or control whatever over the assignment of pupils to public schools in Caswell County or any other county in the state, and that the Caswell County Board of Education has the sole authority over the assignment or reassignment of any and all pupils to the public schools of Caswell County.

On January 15, 1957, the State Board of Education and the State Superintendent of Public Instruction filed an answer denying most of the material allegations in the complaint, and setting up an affirmative defense that the plaintiffs did not, prior to the institution of this action, exhaust their administrative remedies before the Board of Education of Caswell County in accordance with the procedures prescribed by the North Carolina statutes dealing with assignment of pupils to the public schools. Said defendants further alleged that nei-

ther the State Board of Education nor the State Superintendent of Public Instruction has any authority whatever over assignment of pupils in public schools in Caswell or any other county in the state, and that the Caswell County Board of Education has the sole authority and complete control over the assignment and reassignment of pupils to the public schools in Caswell County. As exhibits, said defendants attached to their answer a letter addressed to the State Superintendent of Public Instruction, dated September 10, 1956, by certain of the plaintiffs, requesting that he order the Caswell County Board of Education to reorganize the Caswell County School system on a non-segregated basis, and the reply of the State Superintendent of Public Instruction, dated September 14, 1956, advising that under the public school laws of North Carolina the authority for assigning children to public schools is vested solely in local boards of education.

On February 10, 1958, the plaintiffs filed a motion for leave to file a supplemental complaint alleging that the plaintiffs and each of them individually on or about May 1, 1957, wrote letters to the School Board of Caswell County protesting the reassignment of their children to a segregated school system and requesting that the school board operate the public schools of said county on a non-segregated basis; that no assignment of pupils was made by the School Board of Caswell County until July 16, 1957, at which time the plaintiffs were assigned to schools which had theretofore been operated for the exclusive use of Negroes, and the white pupils were assigned to schools that had theretofore been operated exclusively for white children; that on July 16, 1957, the plaintiffs filed a petition with the Caswell County School Board requesting reassignment of their children to a non-segregated school; that this request was made pursuant to the requirements of Sec. 115–178, General Statutes of North Carolina; that on August 22, 1957, the Caswell County School Board denied the

plaintiffs their request for reassignment; that in apt time each of the plaintiffs applied for a rehearing on their request for reassignment; that at the time set for rehearing, the plaintiffs' requests for reassignment to a non-segregated school were again denied; that on October 8, 1957, the plaintiffs requested the State Superintendent of Public Instruction, who is also the Secretary of the State Board of Education, to advise the Caswell County School Board to reassign the plaintiffs to schools in districts nearest their homes on a non-segregated basis; that said Superintendent of Public Instruction, by letter dated October 18, 1957, informed the plaintiffs that he had no authority over such requests and denied same; that plaintiffs have exhausted all administrative remedies as required by the pupil assignment law, and more particularly the requirements of Sec. 115–178 and Sec. 115–179, General Statutes of North Carolina, without having obtained the relief sought.

On March 17, 1958, the State Board of Education and the State Superintendent of Public Instruction filed a motion to dismiss the action as to said defendants for the reason that the complaint fails to state a claim upon which relief can be granted, and for the further reason that said defendants are not charged with any legal duties under the Constitution and laws of the State of North Carolina relating to the assignment or reassignment of pupils in the public schools of the state. The allegation is further made that said action should be dismissed because of a misjoinder of parties and causes of action.

Oral arguments were thereafter heard on the plaintiffs' motion for leave to file a supplemental complaint, and the motion of the defendants, the State Board of Education and State Superintendent of Public Instruction, to dismiss the action as to them. At the time of oral arguments the parties were requested to file briefs setting forth their legal contentions, which have now been filed.

The matters presently before the court for determination are (1) whether the plaintiffs' motion for leave to file supplemental complaint should be granted and (2) whether the defendants, State Board of Education and State Superintendent of Public Instruction, are indispensable and necessary parties to this action.

I

Whether the Plaintiffs' Motion for Leave to File Supplemental Complaint Should Be Granted.

■ It is well settled that the plaintiffs must exhaust their administrative remedies provided for under the North Carolina Assignment and Enrollment of Pupils Act, Sec. 115–176 through Sec. 115–179, General Statutes of North Carolina, before applying to the federal courts for injunctive relief. Carson v. Board of Education of McDowell County, 4 Cir., 1955, 227 F.2d 789, and Carson v. Warlick, 4 Cir., 238 F.2d 724, certiorari denied 353 U.S. 910, 77 S.Ct. 665, 1 L.Ed.2d 664. Indeed, it would appear that the plaintiffs have recognized their responsibility to comply with the provisions of the state law relating to the enrollment and assignment of pupils in public schools by seeking leave to file a supplemental complaint in which it is alleged that they have exhausted their administrative remedies.

■ Based on the allegation in the plaintiffs' proposed supplemental complaint that plaintiffs "have exhausted all administrative remedies, as required by the pupil assignment law, and more particularly the requirements of the North Carolina General Statutes 115–178 and 115–179 without having obtained the relief sought," and without passing on the question as to whether or not the plaintiffs have in fact adequately exhausted their administrative remedies under these laws, it is concluded that the plaintiffs' motion for leave to file supplemental complaint should be granted.

## II

Whether the Defendants, State Board of Education and State Superintendent of Public Instruction, Are Indispensable and Necessary Parties to this Action.

In passing on the question of whether or not the State Board of Education and the State Superintendent of Public Instruction (hereinafter referred to as the "State Officials") are indispensable and necessary parties to this action, we must look to the allegations of the original complaint and the proposed supplemental complaint, including the nature of relief sought, and the public school laws of the State of North Carolina, of which we must take judicial notice, to determine if any decree granting the relief sought will require the state officials to take action by exercising any power lodged in them, or if the relief can be effectively granted by a decree operating against the Superintendent of Schools of Caswell County and the Board of Education of Caswell County (hereinafter referred to as the "County Officials"). If the relief sought can be decreed without requiring the state officials to take positive action under some duty or power conferred upon them by state law, it would follow that they are neither indispensable nor necessary parties. For a general discussion of these principles, see Barron and Holtzoff on Federal Practice and Procedure, Volume 2, Sections 514 and 515, and the authorities therein cited.

The primary allegations against the state officials are that they are charged with the general supervision and administration of the public schools of North Carolina and that plaintiffs asked them to issue an order to the county officials to desegregate the schools in Caswell County, which was refused. In this connection, it must be borne in mind that both the county officials and the state officials set up in their answer that the state officials have no authority whatever over the assignment of pupils in public schools in Caswell County, or any other county in the state, and that the county officials have the sole authority over the assignment and reassignment of any and all pupils to the public schools of Caswell County.

The public school laws of this state are found in Chapter 115, General Statutes of North Carolina. No attempt will be made here to summarize all of these laws. It is sufficient to point out that Section 115-2 vests the general supervision and administration of the free public school system in North Carolina in the State Board of Education; that Section 115-11 defines the general powers and duties of the State Board of Education; that Sections 115-12 through 115-15 define the general powers and duties of the State Superintendent of Public Instruction; that Sections 115-18 through 115-53 provide for the manner of election and the powers and duties of County and City Boards of Education; that Sections 115-54 through 115-68 define the powers and duties of the Superintendents of City and County Schools; and that Sections 115-176 through 115-179 relate to the assignment and enrollment of pupils in the public schools of this state.

While the state officials are given broad general powers over the public school system, specific authority for the assignment and enrollment of pupils in all city and county administrative units throughout the state is vested solely in county and city boards of education. Section 115-176, General Statutes of North Carolina, provides, in part, as follows:

"Each county and city board of education is hereby authorized and directed to provide for the assignment to a public school of each child residing within the administrative unit who is qualified under the laws of this State for admisson to a public school. * * * No child shall be enrolled in or permitted to attend any public school other than the public school to which the child has been assigned

by the appropriate board of education."

Section 115-177 requires each county and · city board, in making assignment of pupils, to give individual written notice of assignment, either on each pupil's report card or any other feasible means, and Section 115-178 sets up the procedure for making applications for reassignment, notice of action taken, and hearings before the board. The sole authority for proceeding under Section 115-178 is vested in local boards.

While the complaint contains general allegations that the county officials are denying the plaintiffs their constitutional rights pursuant to direction and authority of state statutes, state administrative orders and legislative policy, it is nowhere alleged that the state officials have any specific authority or control over county officials in regard to the enrollment and assignment of pupils. Indeed, it is alleged in Paragraph 5(a) of the original complaint that the county officials *maintain and generally supervise* the public schools of Caswell County.

After an exhaustive search of the public school laws of this state, I fail to find any provision giving the state officials any authority or control whatever over local school officials relating to the enrollment and assignment of pupils in the public schools.

While at its regular session in 1955 and at a special session in 1956, the General Assembly of North Carolina amended, renumbered, rearranged and rewrote Chapter 115 of the General Statutes, which is the basic school law of the State, and repealed certain obsolete sections, the basic plan of the public school system has not been changed, except that local units, which actually administer and control the system, have been given more authority.

The entire subject was exhaustively treated by Judge Johnson J. Hayes in the case of Blue v. Durham Public School Dist., D.C.M.D.N.C., 1951, 95 F. Supp. 441, 443. In this case, the State

Board of Education and the State Superintendent of Public Instruction, having been made parties defendant, filed a motion to dismiss on the general ground that they had no control over the furnishing of school facilities and owed no duties to the plaintiffs. In dismissing the action against the state officials, Judge Hayes, after reviewing the various school laws of North Carolina, and the powers vested in state and local officials, said:

"It appears from the foregoing statutes that the State officials are given broad general powers over the public school system which must be construed in connection with statutes which confer specific authority on local officials. The decisions of the North Carolina Supreme Court have consistently upheld the powers of the local authorities. * * * The mere discretionary powers of the state officials are not to be controlled by injunctive power of the court. It follows that the action against the state officials must be dismissed."

To the same general effect is Constantian v. Anson County, 1956, 244 N. C. 221, 93 S.E.2d 163, where the Supreme Court of North Carolina said:

"Full responsibility for the administration of school affairs and the instruction of children within each administrative unit, including the assignment of pupils to particular schools, rests upon the school authorities of such units."

The plaintiffs in their brief simply refer to the general broad powers given to state officials under the public school laws, make reference to a speech made by the Governor of North Carolina in 1956 regarding assistance given to local school boards by certain state officials in the preparation of rules and regulations pursuant to the pupil assignment law, and complain that city and county school boards are maintaining segregated schools in the furtherance of an established state policy, but fail to cite

any authority in support of their contention that the state officials are indispensable and necessary parties to the action.

In passing, it might be well to note that the North Carolina Supreme Court, in Constantian v. Anson County, supra, acknowledges that the decisions of the Supreme Court in Brown v. Board of Education of Topeka, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, and Brown v. Board of Education, 1955, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083, are authoritative in this jurisdiction, and that "* * * any provision of the Constitution or statutes of North Carolina in conflict therewith must be deemed invalid." The Attorney General of the State of North Carolina acknowledges in his brief that local school officials in enrolling and assigning pupils to the public schools of North Carolina must treat all pupils alike and that "color has been abolished as any basis for segregation in the public schools of this State."

If there should be any state laws or constitutional provisions under which the state officials are attempting to exercise any authority or control whatever over local school boards in the enrollment and assignment of pupils in contravention of their constitutional rights, it is too well settled to admit of argument that, as was stated by Judge Hayes in Covington v. Montgomery County School Board, D.C.M.D.N.C. 1956, 139 F.Supp. 161, 163, "* * * it follows as the night the day that, being in conflict with the Constitution of the United States as defined by the Supreme Court, they are to that extent, null and void."

It is concluded that the state officials have no control or authority whatever over the enrollment and assignment of pupils in the public schools of North Carolina, and that the plaintiffs, if they prevail in this action, are entitled to obtain complete relief against the county officials, and that this action should be dismissed against the state officials.

A decree will be entered accordingly.