281 F.2d 131
 Andrew A. FARLEY, Beverley H. Randolph, Jr., and Hugh V. White, members of and constituting the Pupil Placement Board of the Commonwealth of Virginia, Appellants,
v.
Patricia Anzella TURNER, Reginald A. Young, Daphne Perminter and Anita Mayer, Appellees.
 No. 8054.
 United States Court of Appeals Fourth Circuit.
 Argued April 22, 1960.
 Decided June 28, 1960.
 
 A. B. Scott, Richmond, Va., for appellants.
 Spottswood W. Robinson, III, Richmond, Va. (Victor J. Ashe, J. Hugo Madison, Joseph A. Jordan, Jr., Norfolk, Va., Oliver W. Hill, Richmond, Va., and Thurgood Marshall, New York City, on brief), for appellees.
 Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The applicability of the long-established principle that one need not exhaust futile administrative remedies is the issue on this appeal.
 
 
 2
 Under the Virginia Pupil Placement Act, Code 1950, § 22-232.1 et seq. four Negro children, who were plaintiffs below and are the present appellees, were recommended by the School Board of the City of Norfolk for transfer to predominantly white schools. The School Board transmitted these recommendations to the State Pupil Placement Board, which declined to make the enrollments, despite the fact that the four children had successfully qualified therefor under the local placement standards and criteria.
 
 
 3
 A member of the State Pupil Placement Board testified in the District Court that "the reasons that the School Board found sufficient and the reasons that the Court found sufficient were hearsay as to us and we did not feel that we were bound by it, sir." He acknowledged that this disposition of the matter was in accordance with "our general policy." It was further explained that the policy of the Pupil Placement Board is to routinely deny all applications for enrollment of a child in a school predominantly attended by children of the other race, and to force a protest and hearing in every case. The court found as a fact that in placing more than 450,000 children in the public schools of Virginia, no Negro child has ever been placed by this Board in any white school.
 
 
 4
 In these circumstances, the District court concluded that the Pupil Placement Board's policy and practices were unconstitutional and that the law as applied was unconstitutional. It ordered the admission of the four plaintiffs in accordance with the School Board's recommendations without requiring them to proceed before the State Pupil Placement Board.
 
 
 5
 This court has consistently required Negro pupils desirous of being reassigned to schools without regard to race to pursue established administrative procedures before seeking the intervention of a federal court. This insistence is predicated upon the availability of a reasonably expeditious and adequate administrative remedy. Where, however, the administrative procedures fail to meet this standard, courts may not deny their constitutional rights to persons otherwise entitled to relief. On this point, we are in full accord with the Fifth Circuit's views in Mannings v. Board of Public Instruction, 277 F.2d 370.
 
 
 6
 We agree with the District Court's conclusions as set forth in its opinion. Beckett v. School Board of City of Norfolk, Va., 185 F.Supp. 459, and its judgment is
 
 
 7
 Affirmed.