282 F.2d 473
 Julia Elizabeth HILL, an infant, by Geneva B. Hill, her mother and next friend, et al., Appellants,
v.
SCHOOL BOARD OF CITY OF NORFOLK, VIRGINIA, and J. J. Brewbaker, Division Superintendent of Schools of the City of Norfolk, Virginia, Appellees.
 No. 8053.
 United States Court of Appeals Fourth Circuit.
 Argued April 22, 1960.
 Decided September 9, 1960.
 
 Spottswood W. Robinson, III, Richmond, Va. (Victor J. Ashe, J. Hugo Madison, Joseph A. Jordan, Jr., Norfolk, Va., Oliver W. Hill, Richmond, Va., and Thurgood Marshall, New York City, on brief), for appellants.
 Leonard H. Davis, Norfolk, Va. (Leigh D. Williams and W. R. C. Cocke, Norfolk, Va., on brief), for appellees.
 Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Norfolk Virginia school case is again before us. In other aspects, it has been frequently before the District Court and three times in this court.[1]
 
 
 2
 In its opinion of May 8, 1959, the District Court, 181 F.Supp. 870, in accordance with the decision in Shuttlesworth v. Birmingham Board of Education, 358 U.S. 101, 79 S.Ct. 221, 3 L.Ed.2d 145, held certain pupil placement criteria and procedures adopted by the Norfolk School Board to be facially constitutional. Thereafter, the School Board, applying its criteria and procedures, granted the applications of some Negro pupils seeking admission into schools previously attended solely or predominantly by white pupils and denied the applications of other pupils seeking similar transfers. The School Board filed a report with the District Court to inform the District Judge of what it had done and of a conflict which had arisen between it and the State Pupil Placement Board.[2]
 
 
 3
 Thereafter the Court allowed additional pleadings in which the rejected applicants sought review of the action of the School Board insofar as it affected them.
 
 
 4
 The District Court found that two of the rejected applications had been denied on the basis of tests from which the School Board, "incorrectly, but not deliberately," had exempted white applicants similarly situated. On that account, it ordered their admission into the schools of their choice. A third child, whose application had been rejected by the School Board, was also ordered admitted temporarily upon a finding that the child was not responsible for the facts which seemed to the School Board to justify her exclusion. With these three exceptions, the District Court approved the action of the Norfolk School Board.
 
 
 5
 The unsuccessful applicants have brought this appeal to this court.
 
 
 6
 In its opinion of May 8, 1959, the District Court had found that the Norfolk School Board had been cooperative and was proceeding in a sincere effort to comply with the law. In approving the School Board's rejection of the applications of these appellants, the District Court found that the School Board had undertaken to apply its criteria and procedures honestly and fairly, and he concluded that the result, as an interim step "in an orderly transition period," was in compliance with the mandate of the Supreme Court in the original school cases.[3] He retained jurisdiction of the case, as he has from the outset, for the entry of such further orders and the receipt of such further reports and pleadings as may be appropriate.
 
 
 7
 Under the order of the District Court, the testing program must be indiscriminately applied to pupils of all races at the time of promotion from the primary schools, and from the junior high schools to the senior high schools. This means that the concept of moving within a so-called "normal stream" based upon race can no longer be availed of in these situations; and that since the intelligence and geographical criteria are not being applied to white pupils on promotion from elementary to junior high schools or from junior to senior high schools, Negroes so promoted are entitled to enter such schools upon equal terms without the application to them of such criteria and tests. In other words, Negroes upon promotion to a mixed school or a formerly all white school may not be subjected to tests if white pupils being promoted to those same schools are not subjected to the same tests. Such movement out of a segregated to a non-segregated school is not to be deemed an "unusual circumstance" warranting treatment different from that accorded white pupils entering such schools.
 
 
 8
 However, assignments to the first grade in the primary schools are still on a racial basis, and a pupil thus assigned to the first grade still is being required to remain in the school to which he is assigned, unless, on an individual application, he is reassigned on the basis of the criteria which are not then applied to other pupils who do not seek transfers. As we recently held in Jones v. School Board of City of Alexandria, Virginia, 4 Cir., 278 F.2d 72, such an arrangement does not meet the requirements of the law.
 
 
 9
 The District Judge, however, did not approve what has been done to the present time on the basis that it was complete and final compliance with the Supreme Court's command. He recognized that the Supreme Court contemplated an orderly adjustment, and that compliance might be effected through a series of progressive steps taken as rapidly as the necessity for practical accommodation permits. His approval of what has been done was thus on the basis that the Board has taken interim measures and is proceeding toward the ultimate goal of complete compliance, with the deliberate speed which has been ordered.
 
 
 10
 So far as appears, the School Board did not announce in advance a plan for gradual, progressive desegregation of grades beginning with high schools and proceeding progressively to the lower grades. It appears, however, from what the Board has done that it means to proceed upon the basis of a plan of progressively opening the grades beginning with the higher grades and proceeding toward the lower grades. Under this procedure, in due course, the plan will reach the first grade and the existing discrimination in the enrollment of first grade pupils will be eliminated. It is our understanding that such discriminatory practices have already been eliminated for those being promoted from one school to another, and the plan, in time, will remove the remainder of the proscribed practices. The District Judge should from time to time be informed more specifically about the time table contemplated by the Board, and such a time table would aid the Judge in determining whether to give approval to the Board's subsequent plans and conduct. The proposal of a more detailed plan should proceed from the Board to the District Judge in the first instance.
 
 
 11
 We are mindful of the valiant and consistent efforts Judge Hoffman has made in the past in marshaling community support for the law and in encouraging obedience by those charged with official responsibility. We give weight also to the past conduct of the School Board and the history it has established, and to the District Court's finding that it is the Board's purpose to proceed in good faith and with reasonable speed in compliance with the direction of the Supreme Court. In light of the District Court's approval of particular procedures as interim measures only, and subject to re-examination from time to time of further plans to effect compliance with the law, the order of the District Court is
 
 
 12
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The previous history is shown in the opinions in Beckett v. School Board of City of Norfolk, Virginia, D.C.E.D.Va., 148 F.Supp. 430, affirmed sub nom. School Board of City of Norfolk, Virginia v. Beckett (School Board of City of Newport News, Virginia v. Atkins), 4 Cir., 246 F.2d 325, certiorari denied sub nom. School Board of City of Newport News, Virginia v. Atkins, 355 U.S. 855, 78 S.Ct. 83, 2 L.Ed.2d 63; School Board of City of Norfolk v. Beckett, 4 Cir., 260 F.2d 18; Beckett v. School Board of City of Norfolk, D.C., 181 F. Supp. 870; Beckett v. School Board of City of Norfolk, D.C., 185 F.Supp. 439. See, also, the related cases of James v. Almond, D.C.E.D.Va., 170 F.Supp. 331 (3-judge court); James v. Duckworth, D.C.E.D.Va., 170 F.Supp. 342, affirmed sub nom. Duckworth v. James, 4 Cir., 267 F.2d 224; Beckett v. School Board of City of Norfolk, 2 Race Rel.L.Rep. 337 (otherwise unreported); Beckett v. School Board of City of Norfolk, 3 Race Rel.L.Rep. 942-964 (otherwise unreported); Harrison v. Day, 200 Va. 439, 106 S.E.2d 636; Adkinson v. The School Board of City of Newport News (unreported opinion of May 12, 1959)
 
 
 [2]
 See Farley v. Turner, 4 Cir., 281 F.2d 131
 
 
 [3]
 Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083