283 F.2d 667
 Valarie McCOY, a Minor, Eric McCoy, a Minor, and Thetus McCoy, a Minor, by their father and next friend, Readell McCoy, and Readell McCoy; and Michael Anthony Tonkins, a Minor, by his father and next friend, James Tonkins, Jr., and James Tonkins, Jr., Appellants,
v.
GREENSBORO CITY BOARD OF EDUCATION, a Body Politic of Guilford County, North Carolina, Thornton H. Brooks, J. C. Cowan, Jr., Mrs. Lessie Hoyle, Richard K. Hunter, James R. Perrin and Richard M. Wilson, Appellees.
 No. 8127.
 United States Court of Appeals Fourth Circuit.
 Argued October 10, 1960.
 Decided November 14, 1960.
 
 Jack Greenberg, New York City (J. Kenneth Lee, Greensboro, N. C., Conrad O. Pearson, Durham, N. C., Thurgood Marshall and James M. Nabrit, III, New York City, on the brief), for appellants.
 Welch Jordan and Robert F. Moseley, Greensboro, N. C., for appellees.
 Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.
 SOPER, Circuit Judge.
 
 
 1
 This action was brought by four Negro children and by their fathers on their behalf against the Greensboro City Board of Education of Greensboro, North Carolina, to secure the right of the children to attend the public schools of the city on equality with the white children of the community and also to secure an injunction against the Board and its members restraining them from taking any action that regulates the admission or enrollment of the minor plaintiffs and other Negro children similarly situated to the schools of the city on the basis of race or color.
 
 
 2
 The defendants filed an answer and motion to dismiss and the case was submitted to the District Judge on the pleadings and certain affidavits and accompanying exhibits which disclosed the actions of the Board upon which the plaintiffs based their complaint. The District Judge, being of the opinion that the plaintiffs had not exhausted the remedies afforded them by the statute of the State to secure their rights, dismissed the complaint and this appeal followed.
 
 
 3
 The actions of the Board of which the plaintiffs specifically complain are described in the following recital of facts, as to which there is no material dispute. During the 1957-58 school year two of the schools operated by the Board in Greensboro were the Caldwell School, an elementary school attended only by white children, and the Washington School, an elementary school attended only by colored children. Since the Washington School was overcrowded a branch known as the Pearson Street Branch of the Washington School and attended only by colored children had been established in a separate building on the campus of the Caldwell School. The Pearson Street Branch was inferior to the Caldwell School.
 
 
 4
 During the school year 1957-58 the minor plaintiffs, Valarie McCoy, Eric McCoy and Thetus McCoy, attended the Pearson Street Branch; and on June 8, 1958, they were again assigned by the Board to the same school for the ensuing school year. On June 11, 1958, their father filed an application with the Board on behalf of each of them to be reassigned to the Caldwell School for the next year on the stated grounds that the Caldwell School was only four blocks from their residence and that the Pearson Street Branch lacked a cafeteria and assembly hall and other extracurricular activities. These applications were denied on August 11, 1958, and upon subsequent hearing before the Board the denial was affirmed.
 
 
 5
 On June 12, 1958, the father of Michael Anthony Tonkins filed an application on his behalf with the Board for admission to the first grade of the Caldwell School but no response to the application was received. On September 2, 1958, the father took the child to the Caldwell School for enrollment in the first grade but he was refused and instructed by the principal of the school to take the child to the Washington Street School, where he was assigned to the Pearson Street Branch. Subsequently, on September 4, 1959, the father filed a formal application for the transfer of the child to the Caldwell School, giving as his reasons that the child could not receive the maximum advantages of the public schools of the city in a segregated school and that the facilities and program at the Pearson Street Branch were inferior to those at Caldwell. In addition, he stated that the Caldwell School was closer to his residence. This application was denied and on appeal the denial was affirmed after a hearing before the Board.
 
 
 6
 The pending action was brought on February 10, 1959. Subsequently, on May 26, 1959, before the suit came to trial, the Board adopted a resolution combining the Pearson Street Branch with the Caldwell School and assigning all the pupils of both schools, white and colored, to the Caldwell School for the year 1959-60, and the parents of all the children at both schools were notified of this action. By this merger an integrated elementary school attended by children of both races was set up and the right of the minor plaintiffs to attend the Caldwell School, which had formerly been denied, was established. Shortly thereafter, however, the Board completely changed the character of the Caldwell School by the following actions. During the period from June 5 to June 15, 1959, the Board received the applications of 350 pupils for reassignment in the schools of the city, of which 245 were filed by parents of all the white children assigned to the Caldwell School. On July 21, 1959, all of the 245 applications were granted and 191 of the children involved were assigned to the Gillespie Park School which had been attended mostly by white children, together with a few colored children, since the beginning of the school year. Subsequently, on August 14, 1959, the requests of 42 teachers in the Greensboro schools for transfer in the school system were considered, and the requests of all of the white teachers at the Caldwell School for transfer were granted and in their place a Negro principal and 7 Negro teachers were installed. The final result was that the Caldwell School which had been all white in the school year 1958-59 became all colored in the school year 1959-60 and the plaintiffs still found themselves in a completely segregated school.
 
 
 7
 The District Judge nevertheless dismissed the complaint. His judgment was based on the ground that the plaintiff children had been admitted to Caldwell, the school of their choice, by the action of the Board on May 26, 1959, and thereafter no application for reassignment had been made on their behalf in accordance with the provisions of the North Carolina statutes. In reaching this conclusion the judge relied on decisions of this court wherein it was held that relief from the actions of the North Carolina school authorities must be sought by the individuals aggrieved, in accordance with the provisions of the North Carolina Enrollment and Assignment of Pupils Act, General Statutes of North Carolina, §§ 115-176 to 115-179. See Carson v. Board of Education of McDowell County, 4 Cir., 227 F.2d 789; Carson v. Warlick, 4 Cir., 238 F.2d 724; Covington v. Edwards, 4 Cir., 264 F.2d 780; Holt v. Raleigh City Board of Education, 4 Cir., 265 F.2d 95.
 
 
 8
 We do not think this judgment should be sustained under the peculiar circumstances of the case. In our opinion the action of the Board was contrary not only to the admonition of the Supreme Court in Brown v. Board of Education, 349 U. S. 294, 75 S.Ct. 753, 99 L.Ed. 1083, that the administration of the public schools of the country should be conducted on the basis of equality insofar as race was concerned, but was also contrary to our decisions which uphold the provisions of the North Carolina pupil placement statute insofar as it empowers the local school boards to assign the children to the schools in their communities.
 
 
 9
 We do not think the instant suit should be dismissed on the ground that the plaintiffs have failed to make a second application to the Board for reassignment after the merger of the two schools had taken place. It is true, literally speaking, that the plaintiffs were assigned by the Board to the school structure to which they sought admission and that they did not file new applications after the character of the school was changed; but their suit was well grounded when it was filed, for at that time they were still attending a school that was not only segregated but inferior to the school attended by the white children and they had exhausted all the administrative remedies afforded by the state statute. Of course their suit would have become moot if during its pendency the Board had granted their requests, but obviously this did not take place. The merger of the two schools was followed in a few days by a series of actions whereby the newly integrated school was disintegrated without notice to the plaintiffs and in consequence, although the colored children gained admission to a superior building, their desire to attend an integrated school was completely frustrated. Obviously this conduct cannot be approved. Nor should relief be denied in the present suit and the plaintiffs be required again to pursue the administrative remedies without the aid of the court. It is well settled that administrative remedies need not be sought if they are inherently inadequate or are applied in such a manner as in effect to deny the petitioners their rights. See Carson v. Warlick, 4 Cir., 238 F.2d 724; Farley v. Turner, 4 Cir., 281 F.2d 131. The judgment of the District Court must therefore be reversed and the case remanded with instructions to retain jurisdiction of the case so that the Board may reassign the minor plaintiffs to an appropriate school in accordance with their constitutional rights and so that the plaintiffs, if these rights are improperly denied, may apply to the court for further relief in the pending action.
 
 
 10
 Reversed and remanded for further proceedings in accord with this opinion.