E. Leslie HAMM, Jr., an infant, by E. Leslie Hamm, Sr., his father and next friend, et al., Appellants,

v.

COUNTY SCHOOL BOARD OF ARLINGTON COUNTY, VIRGINIA and Ray E. Reid, Division Superintendent of Schools, Arlington County, Virginia, Appellees.

COUNTY SCHOOL BOARD OF ARLINGTON COUNTY, VIRGINIA and Ray E. Reid, Division Superintendent of Schools, Arlington County, Virginia, Appellants,

v.

Ronald DESKINS, Michael Gerard Jones, Lance Dwight Newman and Gloria Delores Thompson, Appellees.

No. 7776.

United States Court of Appeals Fourth Circuit.

Argued Jan. 21, 1959.

Decided Jan. 23, 1959.

Frank D. Reeves, Washington, D. C. (Oliver W. Hill, Richmond, Va., James M. Nabrit, III, Washington, D. C., S. W. Robinson, III, Richmond, Va., Otto L. Tucker, Alexandria, Va., Robert L. Carter, Martinsville, Va., James M. Nabrit, Jr., Herbert O. Reid, and James A. Washington, Jr., Washington, D. C., on brief), for appellants E. Leslie Hamm, Jr., et al., and appellees Ronald Deskins et al.

James H. Simmonds and Frank L. Ball, Arlington, Va. (Albertis S. Harrison, Jr., Atty. Gen., of Virginia, and Henry T. Wickham, Special Asst. to the Atty. Gen., of Virginia, on brief), for appellees County School Board of Arlington County, Virginia, et al., and appellants County School Board of Arlington County, Virginia, et al.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

Two previous decisions in this case are reported sub nom. in Thompson v. School Board of Arlington County, D.C., 144 F.Supp. 239, affirmed, 4 Cir., 240 F.2d 59, certiorari denied 353 U.S. 910, 77 S.Ct. 667, 1 L.Ed.2d 664, and D.C., 159 F.Supp. 567, affirmed, 4 Cir., 252 F.2d 929, certiorari denied 356 U.S. 958, 78 S.Ct. 994, 2 L.Ed.2d 1065. In the first of these cases the County School Board of Arlington County and the Division Superintendent of Schools thereof were restrained from refusing to admit to the schools of the County on account of race any child otherwise qualified, and in the second case the same authorities were restrained from refusing to admit seven Negro children who had applied for admission. The present appeal is taken from a supplementary order of injunction entered by the District Court on September 22, 1958, in which the court sustained the rejection by the school authorities of the applications for transfer to white schools filed by twenty-six Negro children and approved the applications for transfer to a white school of four other Negro children to take effect from the commencement of the second semester of the school session of 1958–59, retaining jurisdiction to grant further relief as required.

An appeal has been taken to this court on behalf of the plaintiffs whose applications were rejected and a cross-appeal by the school authorities from that part of the injunction which directed the transfer of the four Negro pupils. All the applications for admission involved transfers from Negro to white schools, and all of the decisions were made by the school officials in the exercise of their administrative authority. The decisions were made as a result of the screening of the pupils against the criteria of five categories designated as Attendance Area, Overcrowding at Washington and Lee High School, Academic Accomplishment, Psychological Problems and Adaptability. For a more particular description of these tests and the applica-

tion thereof to the students involved in this case reference may be made to the decision of the District Court in 166 F. Supp. 529. Twenty-five of the applications for transfer were refused because of the failure of the students to meet successfully two or more of the first four tests while five of the applications were rejected by reason of the failure of the applicants to meet the test of adaptability. The rejection of one of the five was approved by the District Judge. We confine our discussion in this opinion to the remaining four in this group since we are in accord with the conclusion of the District Judge that they should be admitted at the beginning of the second semester which is now imminent. We defer for further consideration the twenty-six remaining applications which require further examination of the relevant circumstances before final conclusions can be reached.

The four applicants, whose admission was directed by the District Court, successfully passed the first four tests, but were nevertheless rejected on the ground that they failed to pass the test of Adaptability. The explanation of the County School Board for this decision is set out in the following excerpt from the opinion of the District Judge [166 F. Supp. 529]:

"On this last criterion the principal witness was the Superintendent of Schools. With thirty-two years in segregated schools, his experience covers both Negroes and Caucasians, though separately. He defines Adaptability as including the ability to accept or conform to new and different education environment. In reference to these five pupils he readily concedes that their places of residence would entitle them to go . to the schools of their application—Pupil A to Patrick Henry Elementary School, and 7, 13, 16 and 20 to Stratford Junior High School.

"But the point made by the Superintendent is that these students would, respectively, be injured by placement in Patrick Henry or in Stratford Junior High School. His reason is that they would lose their present position of school superiority and leadership. At Hoffman-Boston 7, 13, 16 and 20 rate about two years above the school norm of achievement. They are nearly a year ahead of the national norm. However, if they enter Stratford, they will not, as they are in Hoffman-Boston, be in the top group, but just above the achievement median of that school. They will not be among the leaders. Analogous reasoning is applied to A at Patrick Henry. The Superintendent feels that this would be discouraging and possibly emotionally disturbing to them. Race or color is not the basis for his opinion, though, he owns, the necessity for his decision is occasioned by the removal of racial bars."

The District Judge could find no ground in the record to uphold the Board's refusal of the transfer in these four cases. He pointed out that the homes of the students were near the school to which they applied for transfer and within the Attendance Area designated by the County School Board as appropriate to this school. He also pointed out that each of the students stood above the achievement median of the white students at this school, that they had a common age of twelve years and had formerly attended an elementary school together and were presumably friends having common interests, and all would enter the first year of the junior high school. Bearing all of these circumstances in mind, he concluded that no legal ground for the rejection of the four applications existed. We are in accord with this finding, for it is clear that the transfers were denied on the basis of race.

Under these circumstances we have no occasion at this time to pass on the propriety and application of the five tests laid down by the County School Board with respect to the remaining twenty-six requests for transfer. Accordingly we express no opinion with respect thereto.

The judgment of the District Court as to Ronald Deskins (7), Michael Gerard Jones (13), Lance Dwight Newman (16) and Gloria Delores Thompson (20) is affirmed. Let the mandate of the court issue forthwith.