Clarissa S. THOMPSON et al.

v.

COUNTY SCHOOL BOARD OF ARLING-
TON COUNTY, et al.

Civ. A. No. 1341.

United States District Court
E. D. Virginia, Alexandria Division.

July 31, 1956.

Edwin C. Brown, Alexandria, Va., Spottswood W. Robinson, III, and Oliver W. Hill, Richmond, Va., for plaintiffs.

J. Lindsay Almond, Jr., Atty. Gen., James H. Simmonds, Arlington, Va., and Frank L. Ball, Sr., Arlington, Va., for defendants.

BRYAN, District Judge.

It must be remembered that the decisions of the Supreme Court of the United States in Brown v. Board of Edu-

cation, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 and 1955, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083, do not compel the mixing of the different races in the public schools. No general reshuffling of the pupils in any school system has been commanded. The order of that Court is simply that no child shall be denied admission to a school on the basis of race or color. Indeed, just so a child is not through any form of compulsion or pressure required to stay in a certain school, or denied transfer to another school, because of his race or color, the school heads may allow the pupil, whether white or Negro, to go to the same school as he would have attended in the absence of the ruling of the Supreme Court. Consequently, compliance with that ruling may well not necessitate such extensive changes in the school system as some anticipate.

### Order Granting Injunction

This cause came on to be heard on the 30th day of July, 1956 upon the complaint, upon the motion of the defendants to dismiss the complaint and the affidavits in support thereof, upon the motions of the plaintiffs to drop certain persons and add others as parties plaintiff, upon the stipulation of the parties that the action not be heard before July 23, 1956, and upon the documents offered in evidence at said hearing by agreement, and was argued by counsel.

Upon consideration whereof, after granting the said motions for the dropping and adding of parties, the court finds, concludes, and orders as follows:

1. The court treats said motion to dismiss as a motion for summary judgment and is of the opinion thereon as follows:

■ (a) That the defendant, County School Board of Arlington County, is suable in this court, because if acting as charged in the complaint, it is not acting as an agency of the State of Virginia;

(b) That the defendant, T. Edward Rutter, Division Superintendent of Schools of the County of Arlington, is suable in this action for the same reason as the said board is suable;

(c) That the complaint states a claim against each of said defendants upon which, if proved, relief can be granted;

(d) That, as appears from the said documentary evidence, the plaintiffs before instituting this suit had exhausted all administrative remedies then and now available to them, including the administrative steps set forth in section 22–57 Code of Virginia 1950, in that, they have since July 28, 1955, in effect maintained a continuing request upon the defendants, the County School Board and the Division Superintendent of Schools, for admission of Negro children to the public schools of Arlington County on a non-racial basis, and said request has been denied, or no action taken thereon, the equivalent of a denial thereof;

(e) That this suit is not otherwise premature; and

(f) That the granting of the relief prayed in the complaint would not constitute the regulation and supervision by this court of the public schools of Arlington County:

Therefore, it is adjudged, ordered and decreed that said motion to dismiss the complaint, including summary judgment for the defendants, be, and it is hereby, denied.

■ 2. The court proceeding to inquire if final judgment may now be entered in the action, it appears to the court from an examination of the pleadings, the said affidavits, and the said documentary evidence, as well as from the interrogation of counsel, that there is no genuine issue as to any material fact in this case, and that on the admissions of record and the uncontrovertible allegations of the complaint, summary judgment should be granted the plaintiffs:

Therefore, it is further adjudged, ordered, and decreed that effective at the times and subject to the conditions hereinafter stated, the defendants, their successors in office, agents, representatives, servants, and employees be, and each of them is hereby, restrained and enjoined

from refusing on account of race or color to admit to, or enroll or educate in, any school under their operation, control, direction, or supervision any child otherwise qualified for admission to, and enrollment and education in, such school.

3. Considering the total number of children attending the public schools of Arlington County, Virginia, and the number of whites and Negroes, respectively, in the elementary schools, junior high schools, and senior high schools, the relatively small territorial size of the County, its compactness and urban character, and the requisite notice to the school officials, as well as the period most convenient to the children and school officials, of and for making the transition from a racial to a nonracial school basis, and weighing the public considerations, including the time needed by the defendants to conform to any procedure for such transition as may be prescribed by the General Assembly of Virginia at its extra session called by the Governor for August 27, 1956, and weighing also the personal interests of the plaintiffs, the court is of the opinion that the said injunction hereinbefore granted should be, and it is hereby made, effective in respect to elementary schools at the beginning of the second semester of the 1956–1957 session, to-wit, January 31, 1957, and in respect to junior and senior high schools at the commencement of the regular session for 1957–1958 in September 1957.

4. The foregoing injunction shall not be construed as nullifying any State or local rules, now in force or hereafter promulgated, for the assignment of children to classes, courses of study, or schools, so long as such rules or assignments are not based upon race or color; nor, in the event of a complaint hereafter made by a child as to any such rule or assignment, shall said injunction be construed as relieving such child of the duty of first fully pursuing any administrative remedy now or hereafter provided by the defendants or by the Commonwealth of Virginia for the hearing and decision of such complaint, before applying to this court for a decision on whether any such rule or assignment violates said injunction.

And jurisdiction of this cause is retained with the power to enlarge, reduce, or otherwise modify the provisions of said injunction or of this decree, and this cause is continued generally.