Helen COVINGTON et al., Plaintiffs,

v.

J. S. EDWARDS, Superintendent of Schools of Montgomery County, North Carolina, et al., Defendants.

Civ. No. 323–R.

United States District Court
M. D. North Carolina,
Rockingham Division.

Sept. 12, 1958.

J. Kenneth Lee and Major S. High, Greensboro, N. C., and William A. Marsh, Jr. and C. O. Pearson, Durham, N. C., for plaintiffs.

Garland S. Garriss, Troy, N. C., and Thomas F. Ellis, Raleigh, N. C., for defendants, Montgomery County Board of Education.

Malcolm B. Seawell, Atty. Gen. of North Carolina, and Ralph Moody, Asst. Atty. Gen. of North Carolina, for State Board of Education and State Superintendent of Public Instruction.

STANLEY, District Judge.

The complaint in this action was filed on July 29, 1955, as a class action by thirteen adult plaintiffs personally and as next friend of forty-five minor plaintiffs, on behalf of themselves and all other citizens and residents of Montgomery County, North Carolina, similarly situated. Named as defendants are the Superintendent of Schools of Montgomery County, North Carolina, and the individual members of the Montgomery County Board of Education.

In their complaint, plaintiffs asked (1) that a three-judge court be convened, (2) that interlocutory and permanent judgments be entered "declaring that Article IX, Section 2, of the North Carolina Constitution, and any customs, practices and usages pursuant to which plaintiffs are segregated in their schooling because of race, violate the Fourteenth Amendment to the United States Constitution", and (3) that interlocutory and permanent injunctions issue "ordering defendants to promptly present a plan of desegregation to this court which will expeditiously desegregate the schools in Montgomery County and forever restraining and enjoining defendants and each of them from thereafter requiring these plaintiffs and all other Negroes of public school age to attend or not to attend public schools in Montgomery County because of race."

Plaintiffs were allowed to amend their complaint on August 12, 1955, but without changing the nature of their cause of action. Thereafter, an order was signed denying plaintiffs' motion for a three-judge court. D.C., 139 F.Supp. 161.

After receiving an extension of time within which to answer, the defendants filed their answer on September 12, 1955, alleging failure to exhaust administrative remedies and lack of good faith on the part of the plaintiffs in bringing the action. Upon motion of plaintiffs, a portion of the answer charging plaintiffs with lack of good faith was stricken.

Thereafter, plaintiffs filed a motion to amend their complaint to allege that defendants are officers of the State of North Carolina, enforcing and executing state statutes and policies. After a hearing on this motion, an order was entered by the court on December 16, 1955, allowing the amendment.

On February 23, 1956, plaintiffs petitioned the court to reconsider its order denying their motion for a three-judge court. This motion was again denied in an opinion rendered by Judge Johnson J. Hayes on April 6, 1956. Covington v. Montgomery County School Board, D.C. M.D.N.C.1956, 139 F.Supp. 161.

On September 13, 1956, plaintiffs filed a motion for leave to file amended and supplemental complaint and to add parties defendant. In the supplemental complaint, plaintiffs seek to test the constitutionality of certain state school laws, commonly known and referred to as the "Pearsall Plan", and seek to make the members of the State Board of Education and the Superintendent of Public Instruction of the State of North Carolina parties defendant. Thereafter, the Attorney General of the State of North Carolina made a special appearance on behalf of members of the Board of Education and the State Superintendent of

Public Instruction in opposition to plaintiffs' motion, and the. defendants filed a motion to dismiss the complaint for failure to state a claim on which relief could be granted, and for failure to prosecute.

A hearing on pending motions was held on March 26, 1958, at which time the Court ordered the parties to file briefs setting forth their legal contentions on all issues raised by the pleadings and the pending motions. The Attorney General of the State of North Carolina was directed to file a brief with the court with respect to his position on all the issues raised in the pleadings.

The principal questions now before the court for determination are (1) whether the complaint, or proposed amended and supplemental complaint, states a claim against the defendants on which relief can be granted, and (2) whether the members of the State Board of Education and the State Superintendent of Public Instruction are necessary and proper parties to the action.

The decision that has been reached on the first question makes a determination of the second question unnecessary for disposition of this case. However, in regard to the second question, this court has today rendered an opinion in another case, Jeffers v. Whitley, D.C.M.D.N.C. 1958, 165 F.Supp. 951, in which it was held that the members of the State Board of Education and the State Superintendent of Public Instruction are neither necessary nor proper parties in actions of this type.

In regard to the first issue, it should be stated at the outset that the plaintiffs have not alleged in either their original complaint, or in their proposed amended and supplemental complaint, that there has been any exhaustion of their administrative remedies as provided for in Sec. 115–176 through 115–178, General Statutes of North Carolina, known as the Enrollment and Assignment of Pupils Act. Indeed, in their brief, plaintiffs admit that they did not proceed under this act, and contend that exhaustion of administrative remedies provided for by the act are unnecessary.

Counsel for the plaintiffs make this contention in face of the decisions rendered by the Court of Appeals for this circuit in Carson v. Board of Education of McDowell County, 4 Cir., 1955, 227 F.2d 789 and Carson v. Warlick, 4 Cir., 238 F.2d 724, 728, certiorari denied 353 U.S. 910, 77 S.Ct. 665, 1 L.Ed.2d 664.

They advance the argument that the presumption relied on in Carson v. Warlick, supra, that school officials "will obey the law, observe the standards prescribed by the legislature, and avoid the discrimination on account of race which the Constitution forbids" is not valid because of the length of time that has passed since the decision of the Supreme Court of the United States in Brown v. Board of Education of Topeka, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, without the defendant's acting to desegregate the public schools of Montgomery County. The fallacy of this argument is readily seen when one reflects on what the Supreme Court actually held in the Brown case. As has been repeatedly stated, the Brown case does not require integration, but only holds that states can no longer deny to any one the right to attend a school of their choice on account of race or color. Briggs v. Elliott, D.C.E.D.S.C. 1955, 132 F.Supp. 776; Thompson v. County School Board of Arlington County, D.C.E.D.Va.1956, 144 F.Supp. 239; School Board of City of Newport News, Va. v. Atkins, 4 Cir., 1957, 246 F.2d 325.

Counsel for plaintiffs further contend that even if the Assignment and Enrollment of Pupils Act is constitutional, it need not be complied with in this case because the provisions of the act are being unconstitutionally applied. This argument is completely untenable in view of the fact that there is no allegation that any of the plaintiffs ever sought to comply with the provisions of the act. Not until each of the plaintiffs has applied to the Board of Education of Montgomery County as individuals, and not as a class, for reassignment, and have failed to be given the relief sought, should the courts be asked to interfere in

school administration. Carson v. Warlick, supra.

The requirement for plaintiffs in suits of this type to exhaust administrative remedies before seeking injunctive relief in the federal courts is discussed at some length in the case of Holt v. Raleigh City Board of Education, D.C.M.D.N.C.1958, 164 F.Supp. 853. Reference is made to that case for further discussion of my views on this subject.

In view of the plain holding of the Court of Appeals for this circuit in the Carson cases, and in view of the fact that the plaintiffs do not allege that they have exhausted, or have even attempted to exhaust, their administrative remedies under the North Carolina Assignment and Enrollment of Pupils Act, I conclude that the plaintiffs have failed to state a claim against the defendants, in either their original complaint or their proposed amended and supplemental complaint, on which relief can be granted, and that this action should be dismissed.

A judgment will be entered in conformity with this opinion.