Valarie McCOY, a Minor; Eric McCoy, a Minor; Thetus McCoy, a Minor, by their father and next friend, Readell McCoy; and Readell McCoy; Michael Anthony Tonkins, a Minor, by his father and next friend, James Tonkins, Jr., and James Tonkins, Jr., Plaintiffs,

v.

GREENSBORO CITY BOARD OF EDU-CATION, a Body Politic of Guilford County, North Carolina, et al., Defendants.

Civ. No. C–26–G–59.

United States District Court
M. D. North Carolina,
Greensboro Division.

Jan. 14, 1960.

J. Kenneth Lee, Greensboro, N. C., Conrad O. Pearson, Durham, N. C., Thurgood Marshall and Jack Greenberg, New York City, for plaintiffs.

Robert F. Moseley and Welch Jordan, Greensboro, N. C., for defendant, Greensboro City Board of Education.

William T. Joyner and William T. Joyner, Jr., Raleigh, N. C., for defendant, The N. C. Advisory Committee on Education.

Malcolm B. Seawell, Atty. Gen. of State of N. C., and Ralph Moody, Asst. Atty. Gen. of State of N. C., for defendant, N. C. State Bd. of Education.

STANLEY, District Judge.

This class action was commenced on February 10, 1959, by Valarie McCoy, Eric McCoy, and Thetus McCoy, minors, by their father and next friend, Readell McCoy, and Michael Anthony Tonkins, a minor, by his father and next friend, James Tonkins, Jr., against the Greensboro City Board of Education, The North Carolina Advisory Committee on Education, and the North Carolina State Board of Education, and individual members of those bodies, to have declared the rights of the minor plaintiffs and the class of persons they represent to attend the public schools of the City of Greensboro without discrimination on account of race or color, and for injunctive relief. All the plaintiffs are Negro citizens of the City of Greensboro and the minor plaintiffs are all eligible to attend the Greensboro Public Schools.

The essential facts are not in dispute.

Among other schools operated by the Greensboro City Board of Education (hereafter sometimes referred to as the "Board"), during the 1957–58 school year, were Washington School, an elementary school attended solely by Negro children, and Caldwell School, an elementary school attended solely by white children. The Pearson Street Branch of the Washington School, which was an integral part of Washington School, was located on the campus of Caldwell School. The Pearson Street Branch of Washington School was also attended solely by Negro children.

During the 1957–58 school year, the minor plaintiffs, Valarie McCoy, Eric McCoy and Thetus McCoy, had been assigned to and attended the Pearson Street Branch of the Washington School. The minor plaintiff, Michael Anthony Tonkins, was not of school age during the 1957–58 school year, but was eligible to be enrolled in the first grade at the commencement of the 1958–59 school year.

At a regular meeting of the Board held on May 20, 1958, all of the said McCoy children were again assigned to the Pearson Street Branch of the Washington School for the 1958–59 school year, and notices of said assignments were given to the parents of said children. On June 13, 1958, Readell McCoy, the father of Valarie McCoy, Eric McCoy and Thetus McCoy, filed separate applications with the Board requesting that each of the said children be reassigned to the Caldwell School for the 1958–59 school year. The following reasons were given in each instance as to why reassignment was desired: Geographical location; school is only four blocks away; no cafeteria, assembly, and no other extra-curricular activities. At a meeting of the Board held on August 11, 1958, the applications for reassignment of the three McCoy children were denied, and their father was thereafter duly notified by registered mail of the action of the Board. On August 18, 1958, notice

of appeal with reference to the three McCoy children was received by the Board, and on September 12, 1958, Readell McCoy was notified that the appeals would be heard at 7:30 o'clock P.M. on September 16, 1958. The appeals were heard as scheduled, and at an adjourned meeting of the Board held on September 17, 1958, each appeal was denied. Readell McCoy was duly notified of the action of the Board.

On June 16, 1958, James Tonkins, Jr., father of the minor plaintiff, Michael Anthony Tonkins, filed an application with the Board requesting that his son be enrolled in the first grade at Caldwell School for the 1958–59 school year. No action was taken on this application. On September 3, 1958, James Tonkins, Jr., took his minor son to the Caldwell School and asked that he be enrolled in the first grade at that school. This request was denied and the father was advised to take said child to the Pearson Street Branch of the Washington School for enrollment, which was done. On September 4, 1959, James Tonkins, Jr., filed a formal application for the reassignment of his son, Michael Anthony Tonkins, from the Pearson Street Branch of the Washington School to the Caldwell School. The reason given for requesting the reassignment was that the father did not believe his child could receive the maximum advantages offered by public schools in a racially segregated school, that Caldwell School was closer to his residence, and that the facilities and program offered at the Pearson Street Branch of the Washington School were inferior to the facilities at the Caldwell School. At a regular meeting of the Board held on September 16, 1958, the application for the reassignment of Michael Anthony Tonkins was denied, and his father was duly notified of such action the following day. On September 19, 1958, James Tonkins, Jr., filed with the Board a notice of appeal, which said appeal was duly heard by the Board on October 21, 1958, after due notice had been given to the father of said child of the date of hearing. The appeal was denied, and the father was so notified.

Thereafter, this action was commenced. The complaint, which was filed on February 10, 1959, alleges, in substance, in addition to the facts summarized above, that it was filed as a class action; that the defendants, North Carolina State Board of Education and The North Carolina Advisory Committee on Education, had counseled with the defendant, Greensboro City Board of Education, for the purpose of preventing desegregation of the public schools, or keeping such desegregation to a minimum; that the minor plaintiffs were denied reassignment to the Caldwell School solely because of their race; and that the defendant, Greensboro City Board of Education, while purporting to maintain a system of permitting transfers among schools without regard to race, actually maintains a system which results in racial discrimination. The plaintiffs then ask for an injunction restraining the defendant, Greensboro City Board of Education, from continuing to pursue a policy of operating the public schools of the City of Greensboro on a racially segregated basis and "enjoining it from refusing to assign or reassign the minor plaintiffs on a non-racial basis to the Caldwell School proper or such school as plaintiffs would attend if they were white." The plaintiffs further seek to enjoin the North Carolina State Board of Education and The North Carolina Advisory Committee on Education from counseling or working in concert with the Greensboro City Board of Education, and other boards of education within the State of North Carolina, "for the purpose of preventing desegregation of the schools of the State of North Carolina or keeping such desegregation to a minimum." All the defendants timely answered and set up various defenses.

At a meeting of the Board held on May 26, 1959, Eric McCoy, Valarie McCoy and Michael Anthony Tonkins were duly assigned to the Caldwell School for the 1959–60 school year. The fathers of each of said children were notified of

the action of the Board on June 5, 1959. Pursuant to said assignment, each of said children entered the Caldwell School at the commencement of the 1959–60 school year and all are still enrolled at said school. None of the said children, nor anyone on their behalf, have filed any further application for reassignment to another school.

Thetus McCoy was promoted to the seventh grade at the end of the 1957–58 school year and, since the seventh grade was not taught at either the Washington School or the Caldwell School, and he was ineligible to attend either of said schools, it was necessary that he be assigned to another school for the 1959–60 school year. At a meeting of the Board held on May 26, 1959, Thetus McCoy was duly assigned to the Lincoln Junior High School, a junior high school operated by the Board, for the 1959–60 school year, and his parents were duly notified of such assignment on June 5, 1959. Thetus McCoy duly enrolled at the Lincoln Junior High School for the 1959–60 school year and is still enrolled at said school. Neither said minor plaintiff, nor anyone on his behalf, has filed any further application for reassignment to another school.

At a meeting held on May 26, 1959, the Board adopted a resolution combining the Pearson Street Branch of the Washington School with the Caldwell School, and assigned all the pupils attending both schools, with exception of sixth grade students who were being promoted to a junior high school, to the Caldwell School for the 1959–60 school year. The parents of the students at both schools were duly notified of the assignments on June 5, 1959.

During the period from June 5, 1959, to June 15, 1959, a total of 351 applications for reassignment of pupils from various schools in the Greensboro school system were received by the Board. Among said applications for reassignment were 245 applications from parents of white children who had been assigned to the Caldwell School. Some of these applicants sought reassignment to other schools in the Greensboro school system, and some sought permission to enroll in schools operated by the Guilford County Board of Education. At a regular meeting of the Board held on July 21, 1959, all the applications of the white Caldwell pupils were favorably considered. However, 191 of these applicants were reassigned to the Gillespie Park School, which, since the opening of the 1958–59 school year, has been, and still is, operated by the Board as an integrated school. On August 14, 1959, the Board granted the request of 42 teachers for transfer in the Greensboro school system, including all nine white teachers who had taught at the Caldwell School during the 1958–59 school year. On August 18, 1959, the Board elected W. A. Goldsborough, a Negro, principal of the Caldwell School, and on the same date seven additional teachers, all Negroes, were elected to teach at the Caldwell School during the 1959–60 school year. As a result of the various actions of the Board, Caldwell School has, during the current 1959–60 school year, been operated as an elementary school attended solely by Negro pupils and staffed solely by a Negro faculty.

On September 23, 1959, the plaintiffs filed a motion for leave to file supplemental complaint, pursuant to Rule 15 (d), Federal Rules of Civil Procedure, 28 U.S.C.A., setting out the transactions, occurrences and events that had happened since the date of the filing of the original complaint. On October 16, 1959, the defendant, Greensboro City Board of Education, filed a motion for summary judgment pursuant to Rule 56(b) and (c), Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the controversy existing between the plaintiffs and said defendants had come to an end and the case had become moot. When the matter came on before the court for oral arguments on the motion of the plaintiffs for leave to file supplemental complaint, and the motion of the defendant, Greensboro City Board of Education, for summary judgment, on October 27, 1959, it was announced that

the plaintiffs did not oppose the entry of a judgment dismissing the action against The North Carolina Advisory Committee on Education and the North Carolina State Board of Education, and individual members of those bodies. Accordingly, a final judgment dismissing the action as to those defendants was entered on November 7, 1959. Thereafter, on November 10, 1959, the plaintiffs filed a motion to continue the ruling on the pending motions to enable them to take certain depositions. The matter is now before the court for a ruling on all pending motions.

I

Motion for Leave to File
Supplemental Complaint

The proposed supplemental complaint simply alleges the action of the Board in consolidating Caldwell School and the Pearson Street Branch of the Washington School; the assignment of the minor plaintiffs, except Thetus McCoy, to the Caldwell School for the 1959–60 school term; the reassignment of all white pupils from Caldwell School to other schools attended exclusively, or almost exclusively, by white pupils, although many of such white pupils lived nearer the Caldwell School than the school to which assigned; and the replacement of the all-white faculty at Caldwell School with an all-Negro faculty. It is further alleged that these actions on the part of the Board were a part of its general pattern of actions throughout the Greensboro school system "in assigning, reassigning and transferring pupils and teachers on the basis of race in order to maintain and perpetuate, except for token compliance with the Fourteenth Amendment to the United States Constitution, racial segregation in the city school system." The proposed supplemental complaint then prays for the entry of a permanent injunction restraining the Board from engaging in any

action that regulates or affects, on the basis of race or color, the admission, enrollment, or education of the minor plaintiffs, or any other Negro children similarly situated, in the public schools of the City of Greensboro, and that the Board be required to present to the court for its approval a complete plan for a systematic and effective method for eliminating racial discrimination within the city school system with the least practicable delay.

The identical question presented by the motion for leave to file supplemental complaint has been presented to the courts time and again. Each time it has been held that under the North Carolina Enrollment and Assignment of Pupils Act,[1] relief in cases of this type must be sought as individuals, not as a class or group. Carson v. Board of Education of McDowell County, 4 Cir., 1955, 227 F.2d 789; Carson v. Warlick, 4 Cir., 1956, 238 F.2d 724, certiorari denied 353 U.S. 910, 77 S.Ct. 665, 1 L.Ed.2d 664; Covington v. Edwards, D.C.M.D.N.C. 1958, 165 F.Supp. 957, affirmed 4 Cir., 1959, 264 F.2d 780, certiorari denied 1959, 361 U.S. 840, 80 S.Ct. 78, 4 L.Ed. 2d 79; Holt v. Raleigh City Board of Education, D.C.E.D.N.C.1958, 164 F. Supp. 853, affirmed 4 Cir., 1959, 265 F.2d 95, certiorari denied 1959, 361 U.S. 818, 80 S.Ct. 59, 4 L.Ed.2d 63; McKissick v. Durham City Board of Education, D.C.M.D.N.C.1959, 176 F.Supp. 3.

It has further been repeatedly stated that the Brown [2] cases do not require integration, but only hold that states can no longer deny anyone the right to attend a school of his choice on account of race or color. Briggs v. Elliott, D.C. E.D.S.C.1955, 132 F.Supp. 776; Thompson v. County School Board of Arlington County, D.C.E.D.Va.1956, 144 F.Supp. 239; School Board of City of Newport News, Va. v. Atkins, 4 Cir., 1957, 246 F.2d 325; Covington v. Edwards, D.C. M.D.N.C.1958, 165 F.Supp. 957, affirmed

1. Sections 115–176 through 115–179, General Statutes of North Carolina.

2. Brown v. Board of Education, 1954, 347 U.S. 483, 484, 74 S.Ct. 686, 98 L.Ed. 873; Brown v. Board of Education, 1955, 349 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873;

4 Cir., 1959, 264 F.2d 780; McKissick v. Durham City Board of Education, D.C. M.D.N.C.1959, 176 F.Supp. 3.

These firmly established legal principles have been extensively discussed in the cases cited, and a further discussion here is unnecessary. It is sufficient to restate once again that these cases uphold the constitutionality of the North Carolina Pupil Assignment law, and plainly hold that Federal Courts should not be asked to interfere in the administration of local schools until plaintiffs in cases of this type have exhausted their administrative remedies under that law.

Admittedly, all the minor plaintiffs, except Thetus McCoy, have now been admitted to the school of their choice. Since Thetus McCoy was promoted to the seventh grade at the end of the 1958–59 school year, which grade is not taught in the Caldwell School, the court would be powerless to order him admitted to that school. No application has been made by or on behalf of any of the minor plaintiffs for reassignment to another school. Actually, the plaintiffs are now complaining of the action taken by the Board in reassigning white pupils, not the action taken on their own applications for reassignment. The plaintiffs frankly state in their brief that they originally sought admission to a particular school "only for the purpose of obtaining desegregation." The record establishes the fact that the Greensboro School Board has integrated a number of schools under its supervision. For example, Gillespie Park School, to which 191 of the 245 white pupils were reassigned from the Caldwell School, is an integrated school.

■ Since there can be no doubt but that the plaintiffs must assert this constitutional right as individuals, and not as a class, and since it is admitted that all the minor plaintiffs eligible to attend Caldwell School have been admitted to and are now attending that school, and none have applied for reassignment to another school, it follows that the court could grant no relief under the proposed supplemental complaint, and that the motion of the plaintiffs to file same should be denied.

**II**

Motion of the Defendant, Greensboro City Board of Education, for Summary Judgment.

The plaintiffs do not seriously contend that they are entitled to any relief under the original complaint. For the reasons previously pointed out, the only relief which the court could possibly grant would be an injunction requiring the Board to admit the eligible minor plaintiffs to the Caldwell School upon a finding that they had exhausted their administrative remedies under the North Carolina Enrollment and Assignment of Pupils Act, and that they were denied admission on account of their race or color. The record is not clear as to whether or not any of the plaintiffs adequately exhausted their administrative remedies before the commencement of this action. The original complaint does not make such an allegation. However, a determination of this fact is unnecessary since the eligible minor plaintiffs were later admitted to schools specified in their applications for reassignment.

■ Since it is now uncontroverted that the minor plaintiffs eligible to attend the Caldwell School have been assigned to and are now attending that school, the only legal question presented has become moot, and there remains nothing for the court to adjudicate. Boggess v. Berry Corp., 9 Cir., 1956, 233 F.2d 389; United States v. Alaska S. S. Co., 1920, 253 U.S. 113, 40 S.Ct. 448, 64 L.Ed. 808.

It follows that the motion of the defendant, the Greensboro City Board of Education, for summary judgment, should be allowed.

**III**

Motion of the Plaintiffs for Continuance

In view of the ruling on the motion of the plaintiffs for leave to file supplemental complaint, and motion of the defendant, the Greensboro City Board of Education, for summary judgment, there

is no necessity for a discussion of the motion of the plaintiffs to continue the proceedings in order to give them an opportunity to take depositions in support of the allegations in the proposed supplemental complaint. There would obviously be no necessity for establishing these allegations if they afford no basis upon which the court could grant any relief.

Counsel for the defendant, the Greensboro City Board of Education, will prepare and present to the court a judgment in conformity with this opinion.